Haight, J.
The appellant, in May, 188u, was indicted by the grand jury of Livingston county for the crime of grand larceny in the first degree. The defendant, upon affidavits tending to show that Ralph F. Wood, the counsel assisting the district attorney in the prosecution of this case, appeared before the grand jury and gave advice in reference- to the indicting of the defendant and how the indictment should be prepared, moved to dismiss the indictment. Affidavits on the part of the district attorney and Mr. Wood were read in opposition, which tend to show that Wood appeared before the grand jury as a witness, and was sworn as such; that he gave no advice other than that which was given to the district attorney outside of the grand jury room. The opposing affidavits satisfactorily explain the conduct of Mr. Wood before the grand jury, and the motion to dismiss the indictment was properly denied.
There is no other question presented by the appeal book which we can properly consider, unless it is the motion of the district attorney to dismiss the appeal from the order dated June 23, 1886. The appellant caused to be prepared and settled a bill of exceptions. It states that the district attorney offered certain evidence and asked certain questions, which were objected to by the defendant; that the objection was overruled and exception taken It does not, however, state whether such evidence was in fact received, or what it was, so that we are unable to determine w'hether or not the defendant was prejudiced. There is also printed in the appeal book what purports to be the minutes of the stenographer taken upon the trial. They are not, however, made a part of the bill of exceptions; they have not been signed or settled by the judge presiding at the trial, and have no business in the appeal book.
It is true that the attorneys have stipulated that the minutes or notes of the stenographer may be incorporated in or attached to the judgment toll, required to be made *848 up by the clerk by section 4S5 of the Code of Criminal Procedure; and that the minutes of testimony so incorporated or attached to the judgment-roll may be referred to for the evidence to which exceptions were taken on the trial, as appears from the bill of exceptions filed in the clerk’s office; and that the judgment-roll, with the minutes of testimony so incorporated or attached, shall have the same for ce and effect as though the notes had been made and settled, including the testimony given on the trial and attached to the judgment-roll. But the attorneys are not authorized to settle a case in a criminal action. A judgment of conviction in a criminal action can not be got rid of by the default of the district attorney, for a judgment of reversal can only be given upon argument which satisfies the appellate court that the judgment should be reversed, even though the district- attorney failed to appear in the case. Code of Grim. Pro., § 539. It is consequently provided that a bill containing the exceptions must be settled and signed by the presiding judge and filed with the clerk. Section 456. And, again, at the time appointed the judge must settle and sign the bill of exceptions. Section 459. Whether these minutes as printed are correct or not is not even shown by the stipulation of the attorneys. In some instances they are at variance with the bill of exceptions, as settled and signed by the judge. It does not appear whether a whole or a part of the minutes have been printed; and where the contention is that the verdict is against the weight of evidence, it should appear that the case contains all of the evidence. Spence v. Chambers, 39 Hun, 193.
For the same reasons, the motions for new trial on the ground of newly discovered evidence must fail. The evidence not being before us, we can not well judge as to the materiality or importance of the newly discovered evidence, or whether it is cumulative or would be likely to affect the result in case a new trial should be granted.
As to the motion on the part of the people to dismiss the defendant’s appeal from the order of June 23, 1886, it appears from the affidavits of the district attorney, Mr. Ralph T. Wood, the county clerk and his deputy, that no such order was ever made in court or entered in the clerk’s office. The certificate of the clerk, as presented by the defendant in the appeal book, does not show that the order therein printed is a copy of one on file in the office of the clerk. The certificate covers the affidavits printed, but does not mention the order. We have, however, since the argument of this appeal been handed a certified copy of an order of the Livingston court of sessions, dated the 16th day of March, 1887, directing that the order appealed from be entered as of the 23d day of June, 1886. We re *849 gard this order as disposing of the motion to dismiss the appeal, and that we must consider the questions raised by it; but here we. meet the difficulty standing in the way of the consideration of the motion for new trial on the ground of newly discovered evidence, and as long as this obstacle exists, it does not appear necessary to determine the question of the power of the court of sessions to open the judgment and entertain the motion.
We have, however, examined this case upon the theory that the stenographer’s minutes were, by the stipulation of the attorneys, settled and made a part of the bill of exceptions. The first exception, as stated in the bill of exceptions, is that “the plaintiff offered to prove that Barbara Leiter obtained a draft from the Bank of Dansville on the Seventh Ward National Bank of New York for $600; that said draft was not paid on presentation, and offered in evidence a certificate of a notary public that the draft was presented for payment and of non-payment, which draft and the certificate of the notary public were attached to the judgment roll and marked exhibit ‘E.’ The defend.ant’s counsel objected to this evidence; the objection was overruled- and the counsel for the defendant duly excepted. ” Upon referring to the stenographer’s minutes we find that Charles H. Rose, being examined as a witness by the district attorney, testified that he was acquainted with the handwriting of Luther Grant. His attention was then called to the draft, and he was asked in whose handwriting the signature and the body of it was and he answered that he should say that it was in the handwriting of Mr. Grant. -Mr. Vanderlip, the counsel for the defendant, then stated that they would concede that the draft was issued' by the bank and dishonored, not paid, and the $600 was endorsed on the certificate of deposit. Mr. Daggett, the district attorney, then offered the draft and protest in evidence. It was objected to, overruled and exception. The stenographer’s minutes do not show whether it was, in fact, read and marked as an exhibit, and it is quite immaterial whether it was or not for the stipulation made in open court, by the attorney of the defendant, covered the entire ground, and the reading of the draft and notice of protest would prove nothing more than was embraced in the admission.
Again, the defendant had given evidence tending to prove that a firm, or persons, doing business in the name of the Bank of Dansville, assigned certain securities held by them for Barbara Leiter on account of a certificate of deposit issued to her, and that she had been paid the sum of $1,200, which was applied thereon. On the examination *850 of the defendant in his own behalf, the district attorney asked him how he learned the fact of payment. He answered that he saw the money before it was paid to her in the hands of Amariah Hammond. He was then asked where did he get it. This question was objected to; the objection was overruled and the defendant excepted; By referring to the stenographer’s minutes we find that he got the money of one William Richardson, of Hornellsville;. that the defendant had procured it, and that it passed through his hands. It appears to us that this evidence was. competent. The defendant had given evidence to the effect, that he was not pecuniarily interested in the Bank of Dansville; that the bank had loaned Mrs. Leiter’s money; that he had not any of it; and in view of this testimony it appears to us that it was proper for the people to show his interest in the matter, and that he in fact made the payments that were made upon this certificate of deposit, and that from his own money or that which he procured from others.
The district attorney also offered to prove that the securities referred to, which were assigned for the benefit of Barbara Leiter and others, were assigned after an action was commenced against the firm or persons doing business under the name of the Bank of Dansville and a receiver appointed. Which evidence was objected to by the defendant’s counsel. The objection was overruled and the defendant excepted, as appears by the bill of execution.
The stenographer’s minutes, however, fail to show any objection, ruling or exception. They do show that the-assignment was made before the receiver was appointed," and consequently the district attorney failed in the proof offered by him.
Again, the district attorney, on the further examination of the defendant, offered to prove by him the execution and delivery of the $600 draft above referred to, the circumstances connected with obtaining it, and its subsequent dishonor. This evidence was objected to by the counsel for the defendant. The objection was overruled and the defendant duly excepted, as appears from the bill of exceptions.
The stenographer’s minutes, however, fail to show any objection, ruling or exception upon the subject. The evidence was given upon the cross-examination of the defendant, and relates to the particulars of the obtaining, of the draft for $600.
The bill of exceptions does not point out to us the particular answer that the defendant claims was prejudicial to him. The evidence extends over two or three pages, and, in view of the previous admission of the defendant of the *851 issuing and dishonor of the draft, we discover no testimony upon this subject that points to any error.
A paper was shown to the defendant which he testified was part in his handwriting and part in the handwriting of Luther Grant, which paper is attached to the judgment record, and is marked exhibit No. 16. The district attorney offered to read this m evidence. The counsel for the defendant objected, the court overruled the objection, and the counsel for the defendant excepted. In this case the stenographer’s minutes fail to show that the paper was objected to, or that it was in fact received in evidence; but assuming that it was received under the objection and exception of the defendant, it was proper as tending to contradict the defendant in the testimony that he had given to the effect that he was not interested in the Bank of Dansville, that his interest was only sympathetic, and that he occasionally advised the cashier.
Again, it is urged that the verdict is against the weight of evidence, and that the judgment should be reversed for that reason. Upon this branch of the case, the evidence is in substance that Mrs. Leiter, an old German lady, seventy-four or seventy-five years of age, had received a pension of eighteen hundred odd dollars from the government, and had deposited the same in the First National Bank of Dansville; that in returning from the First National Bank she met the defendant upon the sidewalk near the Bank of Dansville, and was congratulated by him upon her getting her pension claim allowed; that thereupon he offered to borrow the money of her and pay her interest; that she refused to loan it, saying that she wished to use it in repairing her house and did not want to loan it out; that she then said to him that she was indebted to him in the sum of $100 upon the mortgage that he held upon her house and lot, and she wanted to pay that; that thereupon they went into the bank together; that the defendant sat down and wrote something which she signed, supposing it to be a check for $100; that the defendant gave her a paper, which was placed in an envelope, which lie told her-to take and put in her pocket and take care of; that she supposed the paper so given her was the mortgage which she went in there to pay up.
A few days thereafter she found that the check given by her, instead of being a $100 check, was a $1,500 check, and that the paper that she had in the envelope was a certificate of deposit, in the Bank of Dansville, for $1,500. She tells us that she and her husband immediately went down to the bank and that she then accused the defendant of getting her money from her; that the defendant then told her that she could have her money most any time when she wanted *852 it, and that thereafter he put her off from day to day making promises to pay, etc. The evidence, on the part of the defendant, is to the effect that. Mrs. Leiter called uoon him and wanted to deposit the money in the Bank of Dansville, where she could get interest upon it; that she fully understood that she was giving a $1,500 dollar check for that purpose; and that she received a$1,500 certificate of deposit knowing it was such a certificate, and not the mortgage, fully contradicting her in nearly every particular. A question of fact was thus presented for the jury. The people’s evidence, if true, warranted the jury in finding a verdict of guilty. The question of veracity between the defendant and Mrs. Leiter was. purely a question for the jury, and this court, on review, cannot say that the jury should have believed the story told by the defendant and not that told by Mrs. Leiter. The verdict is not against the evidence, neither can we say that it is' against the weight of evidence.
The motion for new trial, upon the ground of newly discovered evidence, is based upon affidavits of three or four persons, who make affidavits as to conversations had with Mrs. Leiter. It is that of declarations only. That of McQuarter is to the effect that Mrs. Leiter said to him that she let Bradner have the money; that he said he would pay her interest on it and she let him have it, etc. That of Squiers was to the effect that she showed him her certificate of deposit for $1,500 and asked him if it was all right, etc. That of Taft, that she had showed him the certificate of deposit at the Bank of Dansvlle for $1,500, drawing five per cent, interest, and said that she liad taken the same from Faulkner’s bank; that they would not pay her interest and the other bank would. In reply the people read affidavits of Mr. Squiers, in which he explains his former affidavit, and says that Mrs. Leiter stated to him how the defendant got the money from her; that it was by having her sign a paper for a larger amount when she supposed she was signing one for a smaller amount; that he thinks it was for $100 to pay a mortgage.
McQuarter makes affidavit correcting his former one, in which he stated that Mrs. Leiter told him and the members of his family in his presence that Bradner got her money ($1,500) by getting her to sign a check which she supposed was for $100, just as she swore upon the trial; that he made this statement to the attorneys at the time his affidavit was prepared to read upon the motion for a new trial, but that this matter was not incorporated in it. Further affidavits were read tending to show that Mr. Taft was mistaken in his affidavit.
It is contended on behalf of the people that this court *853 has no power to entertain an original motion for a new trial upon the ground of newly discovered evidence; that the application for new trial must be made before judgment under section 466 of the Code of Criminal Procedure.
But without stopping to consider this question, we are of the opinion that a new trial should not be granted because of this newly discovered evidence. The evidence of the declarations of persons is received with great caution and must not be given undue Weight. It is so easy for one person to misunderstand, misinterpret or forget the precise words of another, that courts have come to regard such evidence as not entitled to the same weight as is ordinarily given to many other kinds of evidence. The newly discovered evidence is cumulative. The affidavits the witnesses made in reply explain and practically do away with the statement made in the moving affidavits, and it is consequently apparent that the evidence would not change the result in case a new trial should he granted.
We are, therefore, of the opinion that the judgment and ' orders should be affirmed, and the motion for new trial denied, and the proceedings remitted to the court of sessions of Livingston county to proceed thereon.
So ordered.
Smith, P. J., and Bradley, J., concur.